IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MID SOUTH REHAB OUTPATIENT**
**CLINIC, LLC**                                                                    **PLAINTIFF**


**vs.**                                              **CASE NO. 4:20CV00688-JM**


**COMMUNITY COMPASSION CENTER**
**OF BATESVILLE; COMMUNITY**
**COMPASSION CENTER OF WEST MEMPHIS;**
**COMMUNITY COMPASSION CENTER**
**OF JONESBORO; COMMUNITY**
**COMPASSION CENTER OF MAGNOLIA;**
**COMMUNITY COMPASSION CENTER**
**OF NASHVILLE; COMMUNITY COMPASSION**
**CENTER OF SEARCY; and COMMUNITY**
**COMPASSION CENTER OF ARKANSAS**                    **DEFENDANTS**


## ORDER

Pending is Plaintiff's motion for costs and attorney's fees.   (Docket #48).   After

consideration of the motion and briefs, the Court finds that Plaintiff's motion should be and

hereby is GRANTED IN PART AND DENIED IN PART.

Plaintiff filed this action on May 27, 2020 seeking to recover against the Defendants for

breach of contract.   On June 14, 2021, the Court entered Judgment against the following entities

in the specified amounts:

Community Compassion Center of Batesville:              $65,039.58

Community Compassion Center of West Memphis:           $87,839.88

Community Compassion Center of Jonesboro:              $61,464.17

Community Compassion Center of Magnolia:               $36,366.38

Community Compassion Center of Nashville:        $34,835.27

Community Compassion Center of Searcy:        $82,333.25

"In a diversity action, state law governs the availability of attorney's fees where no conflicting federal statute or court rule applies." *Burlington Northern R. Co. v. Farmers Union Oil Co.*, 207 F.3d 526, 534 (8th Cir. 2000). Under Arkansas law, a court may award reasonable fees to the prevailing party in a breach of contract case. Ark. Code Ann. § 16−22−308. Such an award is left to the discretion of the trial court. *Perry v. Baptist Health,* 368 Ark. 114, 117, 243 S.W.3d 310, 313 (2006).   "[T]he prevailing party is determined by who comes out 'on top' at the end of the case." *Harrill & Sutter, P.L.L.C. v. Kosin,* 2012 Ark. 385, 10, 424 S.W.3d 272, 278 (2012) citations omitted.   "[I]n order to be a 'prevailing party,' one must prevail on the merits of the lawsuit." *Id.*   Further, "[u]nder section 16−22−308, 'no award of fees is mandatory, and the trial court, presumably better acquainted with the circumstances of the proceedings, has discretion whether to award fees and in what amount.' Thus, even a clearly prevailing party is not automatically entitled to fees under the statute."   *Southern Wine and Spirits of Nevada v. Mountain Valley Spring Co., LLC,*   712 F.3d 397, 401 (8th Cir. 2013) citations omitted.

Arkansas courts apply the *Chrisco* factors when considering the reasonableness of attorney's fees: (1) The experience and ability of the attorney;   (2) The time and labor required to perform the service properly; (3) The amount in controversy and the result obtained in the case; (4) The novelty and difficulty of the issues involved; (5) The fee customarily charged for similar services in the local area; (6) Whether the fee is fixed or contingent; (7) The time limitations imposed upon the client in the circumstances; and (8) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *All-Ways Logistics, Inc. v. USA Truck, Inc,* 583 F.3d 511, 520-21 (8th Cir. 2009)

2

(citing *Chrisco v. Sun Indus., Inc.,* 800 S.W.2d 717, 718-19 (Ark.1990)).   "While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Phelps v. U.S. Credit Life Ins.Co.*, 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000).

Applying these standards, Plaintiff is the prevailing party.   Plaintiff asks for attorney's fees of one-fourth of the amount recovered based upon their contingency fee.   Alternatively, Plaintiff seeks $28,920[1] based upon the billing records that accompany Plaintiff's application reflecting a total time of 96.7 hours spent on the case by Mr. Paul Ellis at an hourly rate of $300.00.

Defendants object to the Plaintiff's fee request based on the contingency fee with counsel and argue that the time requirements should not have been extensive in this matter because it was a simple breach of contract/collection matter. Further, Defendants ask the Court to reduce the award of fees for time spent on claims against Community Compassion Center of Arkansas.

After considering the *Chrisco* factors and the circumstances of this case, the Court finds it reasonable to award Plaintiff for 96.7 hours at an hourly rate of $300.00. Plaintiff has not included time for claims made against Community Compassion Center of Arkansas, and the Court finds the time spent and the hourly rate reasonable.

In light of the circumstances of this case, the award of fees seems adequate and is not intended as any criticism of the amount or quality of the efforts of Plaintiff's counsel.   Plaintiff will be entitled to attorney's fees in the amount of $29,010.   The Court finds that it is premature

---

1   Although Plaintiff's motion seeks $28,920, the motion asks for fees for 96.7 hours at a rate of $300 resulting in a total of $29,010.00.

to reach any decision regarding the amount of post-judgment fees and costs.

IT IS SO ORDERED this 27th day of July, 2021.

_____
James M. Moody Jr.
United States District Judge

4